Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: 1:22-CR-02012-MKD-2 |
| Plaintiff, | |
| vs. | PLAINTIFF'S SENTENCING MEMORANDUM |
| ALEXIS SANCHEZ-GOMEZ, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney, submits the following sentencing memorandum:

I.

BASE OFFENSE LEVEL AND CRIMINAL HISTORY

The United States agrees with the calculations contained in the Presentence Investigation Report. The guideline range is a sentence of 5 years. See, U.S.S.G. § 2K2.4(b). The statutory range is a sentence between 5 years to life imprisonment. See, 18 U.S.C. 924(c)(1)(A)(i).

II.

DEPARTURES

In the instant case, the parties have entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). The parties have agreed to recommend that the Court impose a sentence of 144 months imprisonment. If the Defendant had been found guilty of all counts listed in the Superseding Indictment, the Defendant would have faced a mandatory minimum sentence of 180 months imprisonment. See, PSIR at Para. 101. The government does not believe that such recommendation qualifies as a "departure" under the sentencing guidelines.

III.

SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. The nature and circumstances of the offense and the history and characteristics of Defendant.

On October 21, 2021, there was a gang related drive-by shooting in the City of Yakima. A 34-year-old man lost his life simply because he was walking down the sidewalk while wearing red colored clothing.[1] The Yakima Police Department (hereinafter "YPD") immediately began an investigation and ultimately found the vehicle utilized by the shooter. As the investigation progressed, law enforcement learned that the shooter and driver fled from Yakima and hid at a residence in Moxee, Washington. The police gathered evidence which established that the shooter was likely a member or associated with the Sureno street gang. A detective with the YPD reached out to the Moxee Police Department (hereinafter "MPD") concerning information about known Sureno gang members in Moxee. The MPD quickly identified the Defendant as a documented member of the Lower Valley Locos[2] – a subset of the Sureno gang. The YPD detective later learned and corroborated that the shooter and driver did travel to the Defendant's residence in Moxee.

Law enforcement officers obtained a search warrant for the residence. During the execution of the search warrant, law enforcement discovered multiple firearms in the Defendant's bedroom including an assault rifle. The bedroom was

---

[1] The color red is associated with the Norteno street gang.
[2] Also known as Lil Valley Lokotes

decorated with LVL gang graffiti.  Officers also discovered ammunition and high-capacity magazines.

Large quantities of marijuana were discovered throughout the house.  Outside of the main residence, law enforcement discovered an underground room/bunker which was being used to manufacture marijuana.  A video recording system was discovered.  Law enforcement viewed video footage which depicted the Defendant entering/exiting the underground room/bunker while carrying marijuana plants.

In the co-defendant's bedroom, law enforcement discovered distribution amounts of methamphetamine.  The Defendant later admitted that he was selling methamphetamine and had stored it in the co-defendant's bedroom.

As a juvenile, the Defendant was charged with multiple offenses involving either dangerous weapons and/or firearms.  See, ECF No. 7.

As an adult, in 2019, the Defendant was arrested after Attempting to Elude a Police Vehicle.  A few months later, the Defendant was arrested after being found in possession of a firearm.  In 2020, the Defendant was sentenced to a short term in jail.  Despite these convictions, the Defendant did not give up his desire to possess firearms.  As noted above, police found multiple firearms, ammunition, and magazines in his bedroom.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The current offense is serious. A lengthy sentence is necessary to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment. Gang members in possession of assault rifles pose a serious threat to public safety. The Defendant was previously advised and/or ordered, on multiple occasions, that he could not lawfully possess a firearm. See, ECF No. 7, Pgs 3 and 4. The United States submits that a sentence of 144 months imprisonment is required and is necessary to promote respect for the law, and to provide just punishment.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Despite his juvenile and adult history, the Defendant has not been deterred from engaging in criminal activity. Prior terms of incarceration failed to deter the Defendant from obtaining dangerous weapons and selling illegal drugs. The United States submits that a lengthy term of imprisonment is required.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

The Defendant is a danger to the community. The Defendant is a documented gang member. See, PSIR at Paras 14 and 49. The Defendant was found in possession of multiple weapons, including an assault rifle and ammunition. The only viable sentence is a lengthy term of incarceration.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The Defendant appears to be in need of educational or vocational training. The Defendant does not believe he is in need of substance abuse treatment.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of 144 months with 5 years of supervised release.

Respectfully submitted this 5th day of January 2023.

                                      VANESSA R. WALDREF
                                      United States Attorney

                                      <u>s\ Thomas J. Hanlon</u>
                                      THOMAS J. HANLON
                                      Assistant United States Attorney

I hereby certify that on January 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to the following: Ricardo Hernandez

        s\ Thomas J. Hanlon
        THOMAS J. HANLON
        Assistant United States Attorney
        United States Attorney's Office
        402 E. Yakima Ave., Suite 210
        Yakima, WA    98901
        (509) 454-4425
        Fax (509) 454-4435